IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

SHERRY WALKER                                                                                              PLAINTIFF

vs.                                               Civil No. 6:15-cv-06025

CAROLYN COLVIN                                                                                          DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Sherry Walker ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 7.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff's application for SSI was filed on January 24, 2012.  (Tr. 13).  Plaintiff alleged she was disabled due to congestive heart failure, liver cancer, aneurysm in back of heart, herniated disc in back, swallowing problems, high blood pressure, heart problems, and back, leg and knee pain. (Tr. 152).  Plaintiff alleged an onset date of January 18, 2012.  (Tr. 13).  This application was denied initially and again upon reconsideration.  (Tr. 39-40).  Thereafter, Plaintiff requested an

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___"  The transcript pages for this case are referenced by the designation "Tr."

administrative hearing on her application and this hearing request was granted. (Tr. 71).

Plaintiff's administrative hearing was held on January 24, 2013. (Tr. 2648-2689). Plaintiff was present and was represented by Shannon Carroll, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Myrtle Johnson testified at this hearing. *Id.* At the time of this hearing, Plaintiff was fifty-two (52) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d), and had an eighth grade education. (Tr. 2654).

On August 16, 2013, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 13-22). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 24, 2012, her alleged onset date. (Tr. 15, Finding 1). The ALJ also determined Plaintiff had the severe impairments of degenerative disc disease of the cervical and lumbar spines, right knee meniscus tear and Baker's cyst, mild chronic obstructive pulmonary disorder, and depressive disorder. (Tr. 15, Finding 2). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 16, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 17-20). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform light work, except unable to perform frequent bending, crouching, or overhead reaching; no exposure to concentrated respiratory irritants, such as dust, fumes, strong odors, or extreme changes in temperature and humidity; able to perform unskilled work where interpersonal contact is incidental to the work performed; complexity of tasks is learned and performed by rote; the work involves few variables and requires little independent judgment; and the supervision

required is simple, direct, and concrete.  (Tr. 17, Finding 4).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 20, Finding 5).  The ALJ found Plaintiff had no PRW.  *Id.*  The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy.  (Tr. 20, Finding 9).  The VE testified at the administrative hearing on this issue.  *Id.*  Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the following occupations: (1) small product assembly with 229,240 such jobs in the United States and 4,710 such jobs in Arkansas; and (2) shipping and receiving with 66,480 such jobs in the United States and 1,440 such jobs in Arkansas.  *Id.*  Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, since January 24, 2012.  (Tr. 21, Finding 10).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision.  (Tr. 9).  *See* 20 C.F.R. § 404.968.  The Appeals Council declined to review this unfavorable decision.  (Tr. 4-7).  On March 25, 2015, Plaintiff filed the present appeal.  ECF No. 1.  The Parties consented to the jurisdiction of this Court.  ECF No. 7.  Both Parties have filed appeal briefs.  ECF Nos. 13, 14.  This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the

Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his


or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred in failing to award a closed period of disability. ECF No. 13, Pgs. 7-13. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 14.

Plaintiff argues the ALJ erred by not considering Plaintiff for a closed period of disability. ECF No. 13, Pgs. 7-13. The Commissioner may award Social Security disability benefits either on a continuing basis or, where a once-disabling condition later ceases to be disabling, for a "closed period." *Harris v. Sec'y of Dep't. of Health & Human Servs.*, 959 F.2d 723, 724 (8th Cir. 1992). However, to qualify for a closed period of disability, the disabling condition must last for at least twelve months. 42 U.S.C.423(d)(1)(A); *Karlix v. Barnhart*, 457 F.3d 742, 747 (8th Cir. 2006).

In this matter, it is difficult to understand Plaintiff's argument for a closed period disability. To begin with, Plaintiff doesn't reference what the closed period of disability encompasses. In Plaintiff's briefing, she lists out several emergency room visits between 2008 and 2013 where Plaintiff was seen complaining of chest pain, shortness of breath and dizziness. ECF No. 13, Pgs. 7-8. Plaintiff then briefly discusses an ER visit from March 15, 2015 that resulted in Plaintiff receiving a Pacemaker. ECF No. 13, Pg. 12. However, not only does this medical document not appear in the record, it is also outside the relevant period of time under review as the ALJ's decision

was made on August 16, 2013.

Plaintiff failed to establish she met a closed period of disability which lasted at least twelve months.

Furthermore, substantial evidence supports the ALJ's RFC determination. In this matter, the ALJ determined Plaintiff retained the RFC to perform light work, except she is unable to perform frequent bending, crouching, or overhead reaching; no exposure to concentrated respiratory irritants, such as dust, fumes, strong odors, or extreme changes in temperature and humidity; able to perform unskilled work where interpersonal contact is incidental to the work performed; complexity of tasks is learned and performed by rote; the work involves few variables and requires little independent judgment; and the supervision required is simple, direct, and concrete. (Tr. 17, Finding 4)

This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

Plaintiff's primary care provider for the relevant period was Dr. Oyidie Igbokidi. (Tr. 433-469). On June 23, 2011, Plaintiff was seen complaining of chest pain. (Tr. 455). Dr. Igbokidi indicated Plaintiff showed symptoms of shortness of breath, leg swelling, fatigue, and dizziness. *Id.* Dr. Igbokidi noted Plaintiff was fully oriented; had a normal rate, rhythm, and sounds; breathing was normal, with no sign of respiratory distress; and no cervical adenopathy. (Tr. 455-456). The results

6

of an Echocardiogram indicated Plaintiff had a normal left ventricular systolic function, with an ejection fraction at 55 percent.  (Tr. 466).  Plaintiff also had normal results on her stress test.  (Tr. 455).

Plaintiff underwent an angiogram and a left heart catheterization on August 8, 2011.  (Tr. 462-464).  Dr. Igbokidi indicated the angiogram in conjunction with the catheterization showed the left main artery was large and normal; left anterior artery had no significant disease; left circumflex artery had no significant disease; and right coronary artery had no significant disease.  (Tr. 462).

On July 3, 2012, Plaintiff was seen for a follow up visit with Dr. Igbokidi and complained her feet were swelling.  (Tr. 435).  Dr. Igbokidi stated Plaintiff had a normal heart rate and rhythm; chest was normal, with no distress, wheezes, or rales; neurologically, she was alert and fully oriented; and her extremities were "puffy," but there was no tenderness.  *Id.*  An electrocardiogram (EKG) was normal.  (Tr. 436-437).

Plaintiff was seen by Dr. Igbokidi for complaints of chest pain, shortness of breath, and palpitations on January 15, 2013.  (Tr. 434).  Dr. Igbokidi noted that "despite negative cardiac work up" [Plaintiff is] "requesting I fill out disability form [and] she brings with her diagnosis written down including atrial fibrillation, and others, which after reviewing over 15 EKG's there is no evidence of" *Id*.  Additionally, Dr. Igbokidi stated Plaintiff described her daily exercise regimen as including the use of an exercise stepper on which she made 1,000 steps a day without symptoms from her alleged heart condition.  *Id.*

As shown by the above medical evidence, substantial evidence supports the ALJ's RFC determination.  *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)).  Because Plaintiff has not met her burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court

finds the ALJ's RFC determination should be affirmed.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **12th day of February 2016.**

                                                  /s/   Barry A. Bryant  
                                                  HON. BARRY A. BRYANT  
                                                  U. S. MAGISTRATE JUDGE